UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RUSSELL PONTINEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES STEEL CORP. )<br>)<br>Defendant. ) | Case No. 2:18-cv-232 |

**OPINION AND ORDER**

This matter is before the court on the Motion for Additional Discovery [DE 33] filed by the plaintiff, Russell Pontinen, on November 6, 2020.  For the following reasons, the motion is **DENIED.**

*Background*

The plaintiff, Russell Pontinen, filed a complaint against the defendant, United States Steel Corp. (USS), on June 15, 2018, alleging disability discrimination. Specifically, the plaintiff claims that USS rescinded an offer of employment based on his seizure disorder.  Initially, this court set July 31, 2019 as the discovery deadline in the case. Subsequently, the parties requested, and the court extended, the discovery deadline to January 31, 2020 and then to February 28, 2020. During that time, the deposition of one of USS' expert witnesses, Dr. Mark Gardner, was taken.

On August 13, 2020, the court held a status conference.  At the conference, the court gave USS until September 30, 2020 to file a motion for summary judgment and gave the plaintiff until October 30, 2020 to file either a response or a request for additional discovery. On September 30, 2020, USS filed its Motion for Summary Judgment [DE24].  On November 6, 2020, the

plaintiff filed the instant motion [DE 33] requesting leave to retain an expert witness in order to respond to USS' summary judgment motion.

*Discussion*

If a party opposing a motion for summary judgment can "show[] by affidavit or declaration that, for specified reasons it cannot present facts essential to justify its opposition, the court may … allow time to obtain affidavits or declarations or to take discovery [] or issue any other appropriate order." **Federal Rule of Civil Procedure 56(d)(2)-(3)**.  In order to succeed on a Rule 56(d) motion, the movant must identify specific evidence that it hopes the additional discovery will uncover to refute the factual allegations in the motion for summary judgment. ***American Needle, Inc. v. National Football League***, 538 F.3d 736, 740 (7th Cir. 2008); *see also* ***MacGregor & Assocs., LLC v. Zhejiang Jinfei Kaida Wheels Co.***, Ltd., 328 F.Supp.3d 906, 921 (N.D. Ind. June 20, 2018) (citing ***Kalis v. Colgate-Palmolive Co.***, 231 F.3d 1049, 1058 (7th Cir. 2000)) "A party seeking the protection of [Rule 56(d)] must make a good faith effort showing that it cannot respond to the movant's affidavits[,]" which includes bringing the issue before the court "in an expeditious matter." ***Kalis***, 231 F.3d at 1058.  Additional discovery pursuant to Rule 56(d) is not warranted in cases where a party's lack of diligence caused the failure to secure discoverable evidence. *See* ***Gutierrez v. AT&T Broadband, LLC***, 382 F.3d 725, 733 (7th Cir. 2004); ***Kalis***, 231 F.3d at 1058; ***Foster v. State Farm Fire And Cas. Co.***, 2010 WL 5452093, at *2 (N.D. Ind. Dec. 28, 2010).

The plaintiff claims that Dr. Gardner's "generalized" deposition testimony as to seizure disorders exceeds the scope of USS' Rule 26(a)(2)(c) expert disclosures, leaving the plaintiff with no expert witness to refute the testimony.  While Dr. Gardner's deposition took place on February 13, 2020 and the motion for summary judgment was filed on September 30, 2020, the

plaintiff argues that it was not until the motion actually was filed "that [the] [p]laintiff knew for certain the topics for which Dr. Gardner's testimony would be cited" in USS' summary judgement motion.

The plaintiff listed one expert witness in his Rule 26(a)(2)(C) disclosures, Dr. George Abu-Aita. However, the plaintiff claims that Dr. Abu-Aita was not disclosed to offer testimony regarding generalized topics upon which Dr. Gardner proffered an opinion. Therefore, the plaintiff claims that he is entitled to an additional expert witness in order to refute the testimony of Dr. Gardner. The specific testimony and opinions of Dr. Gardner that the plaintiff highlights in his motion are as follows:

- Withdrawal of anti-seizure medication can provoke seizures.
- An individual has a 25% risk of seizure during the first 6 – 12 months after discontinuing anti-epileptic medication.
- The risk for acute incapacitation caused by a seizure for a healthy person between the ages of 18 and retirement is less than 1%.
- An individual that has experienced two seizures is at a statistically higher risk to suffer future seizures.
- The use of alcohol is not advised for individuals with epilepsy because alcohol can trigger seizures.
- There is no dispute in the medical profession that seizures, by their very nature, are unpredictable and the symptoms can vary with each seizure.
(DE 34 at 3).

USS presents several arguments in opposition to the plaintiff's request for additional discovery including that the plaintiff failed to meet his burden of specifying what information he hoped to obtain from a rebuttal expert to refute Dr. Gardner's testimony. Regardless, USS claims that Dr. Gardner's testimony "falls squarely" within the scope of its Rule 26(a)(2)(C) disclosures.

The court agrees with USS that Dr. Gardner's opinions that "withdrawal of anti-seizure medication can provoke seizures" and "an individual has a 25% risk of seizure during the first 6

3

– 12 months after discontinuing anti-epileptic medication" fall within the scope of its Rule 26(a)(2)(C) disclosures because they explicitly state that Dr. Gardner's testimony will include "the decision by [the plaintiff] to discontinue his medication and the *elevated risk of seizures* which [the plaintiff] faces." [DE 34-2].

Additional discovery as to the remaining "generalized opinions" of Dr. Gardner also is not warranted.  First, the opinions are statistical, ones that should be available to Dr. Abu-Aita, an experienced neurologist, or even to the plaintiff's attorney by way of simple research. Second, the plaintiff had at least 30 days between the time USS filed its motion for summary judgment, September 30, 2020, and the time the plaintiff's response was due, October 30, 2020, to consult with Dr. Abu-Aita and tender contrary views.  More so, the plaintiff admitted during August 13, 2020 status conference that he believed he would need to retain an independent expert to rebut Dr. Gardner's opinions.  That admission suggests that the plaintiff had realized USS would use Dr. Gardner's testimony more than two months before the motion for summary judgement was filed.  Lastly, and most importantly, the plaintiff failed to specify what an additional expert would testify to in order to refute Dr. Gardner's generalized conclusions. Simply listing topics that a hypothetical expert *might* testify to is not sufficient to warrant additional discovery pursuant to Rule 56(d).

Based on the foregoing reasons, the Motion for Additional Discovery [DE 33] is **DENIED.**  The plaintiff has until **January 18, 2021** to file a response to USS' Motion for Summary Judgment [DE 24].

ENTERED this 21st day of December, 2020.

/s/ Andrew P. Rodovich
United States Magistrate Judge

4